IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02631-ZLW

MALACHI YORK, named as
MALACHI YORK EL:@™/DWIGHT YORK "et al," also known as
MALACHI Z. YORK, and as
DWIGHT YORK,

    Plaintiff, named as Petitioner,

v.

USA,
FEDERAL BUREAU OF PRISONS, AND
AGENTS/HEIRS,

    Defendants, named as Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 11 2009

GREGORY C. LANGHAM
              CLERK

## ORDER DENYING SECOND MOTION TO RECONSIDER

Plaintiff, Malachi York, named as Malachi York El:@™/Dwight York "et al," also known as Malachi Z. York and as Dwight York, is a prisoner in the custody of the United States Bureau of Prisons who currently is incarcerated at the United States Penitentiary, Administrative Maximum, in Florence, Colorado. On January 16, 2009, Mr. York filed *pro se* a "Motion for Reconsideration to Alter Judgment" in which he asked the Court to reconsider and vacate the Order of Dismissal and the Judgment entered in this action on January 13, 2009. On January 29, 2009, the Court entered an order treating the motion as a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e), and denied the motion.

On February 4, 2009, Mr. York filed a second motion titled "Motion to Amend Judgement [sic]." The Court must construe liberally the motion to amend because Mr.

York is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the motion to amend will be construed liberally as a motion to reconsider pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, and will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). The Judgment in this action was entered on January 13, 2009. Mr. York's motion to amend was filed more than ten days after the Order of Dismissal and Judgment and, therefore, will be considered pursuant to Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is appropriate only in extraordinary circumstances. *See Massengale v. Oklahoma Bd. of Examiners in Optometry*, 30 F.3d 1325, 1330 (10th Cir. 1994).

The Court dismissed the amended complaint and the instant action without prejudice for failure to comply with the pleading requirements of Fed. R. Civ. P. 8. The Court determined that Mr. York's amended complaint, which was filed in response to an order directing him to file an amended complaint that complied with the pleading requirements of Fed. R. Civ. P. 8, still failed to meet the minimum pleading requirements. In particular, the Court determined that Mr. York failed to provide a short and plain statement of his claims showing that he was entitled to relief.

In the liberally construed Rule 60(b) motion, Mr. York fails to address the reasons for dismissal of the instant action. He does not argue that the amended complaint he filed in this action actually satisfies the pleading requirements of Fed. R. Civ. P. 8. As Mr. York was informed in the January 29, 2009, order denying his first motion to reconsider, the Court is not persuaded that Mr. York lacks the ability to present the factual basis for his claims to the Court in a clear and concise manner, which is all that Rule 8 requires. Mr. York was given specific instructions regarding the requirements of Rule 8 in the order directing him to file an amended complaint.

Upon consideration of the motion to reconsider and the entire file, the Court finds that Mr. York fails to demonstrate the existence of any extraordinary circumstances that would justify a decision to reconsider and vacate the order dismissing this action. Therefore, the liberally Rule 60(b) motion will be denied.

The Court notes that in the January 13, 2009, dismissal order, Mr. York was ordered to inform the Court in writing on or before Friday, February 6, 2009, the name, address, and telephone numbers of the individual or individuals to whom the thirty silver dollars submitted as an exhibit in this case may be released. The dismissal order directed the individual or individuals to appear with his, her, or their United States government-issued identification on February 6 at 10:30 a.m., at the Office of Clerk, United States District Court for the District of Colorado, 901 Nineteenth Street, Suite A-105, Denver, Colorado 80294, to retrieve the thirty silver dollars. The dismissal order pointed out that if Mr. York failed to inform the Court in writing by February 6, the name, address, and telephone numbers of the individual or individuals to whom the thirty silver

dollars submitted as an exhibit in this case may be released, the silver dollars would remain in the Court vault as an exhibit in this case.

Mr. York failed to inform the Court by Friday, February 6, 2009, the name, address, and telephone numbers of the individual or individuals to whom the thirty silver dollars submitted as an exhibit in this case may be released. In addition, no one appeared at the Office of the Clerk of this Court on behalf of Mr. York with his, her, or their United States government-issued identification on February 6 at 10:30 a.m. or at any other time during that day seeking to retrieve the thirty silver dollars. Therefore, the silver dollars will remain in the Court vault as an exhibit in this case until the Court determines otherwise or until Mr. York makes a written request for the return of the silver dollars. Accordingly, it is

ORDERED that the motion titled "Motion to Amend Judgement [sic]" that Plaintiff, Malachi York, named as Malachi York El:@™/Dwight York "et al," also known as Malachi Z. York and as Dwight York, filed on February 4, 2009, and which the Court has treated as a motion seeking relief from judgment pursuant to Fed. R. Civ. P. 60(b), is denied. It is

FURTHER ORDERED that the motion titled "Motion for Judicial Notice of Evidence and Adjudicated Facts" that Plaintiff filed on February 5, 2009, is denied as moot. It is

FURTHER ORDERED that any other pending motions are denied as moot. It is

FURTHER ORDERED that any additional motions to reconsider that Plaintiff files in this action will be stricken. It is

FURTHER ORDERED that the silver dollars Plaintiff submitted as an exhibit will remain in the Court vault as an exhibit in this case until the Court determines otherwise or until Mr. York makes a written request for the return of the silver dollars.

DATED at Denver, Colorado, this __11__ day of __Feb.__, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-02631-BNB

Malachi York
aka Dwight York
Reg. No. 17911-054
ADX - Florence
PO Box 8500
Florence, CO 81226

I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 2/11/09 .

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk